ORIGINAL

FILED
2016 MAY 26  PM 1:02
CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ TM _____ DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

January 2016 Grand Jury

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>    v.<br><br>BOBBY PITTS,<br><br>                Defendant. | Case No. 16CR1207 JLS<br><br>I N D I C T M E N T<br><br>Title 18, U.S.C., Sec. 371 – Conspiracy To Defraud the United States; Title 18, U.S.C., Sec. 1505 – Obstruction of Proceedings; Title 18, U.S.C., Sec. 981(a)(1)(c) and Title 28, U.S.C., Sec. 2461(c) – Criminal Forfeiture |

    The grand jury charges that at all time material:

Factual Background

    1.    From in our about November 2004 through at least July 2013, defendant BOBBY PITTS was a Commander in the U.S. Navy. From August 2009 to May 2011, PITTS was the Officer in Charge of the U.S. Navy's Fleet Industrial Supply Command ("FISC") in Singapore. In that role, PITTS was responsible for overseeing the negotiation and execution of the husbanding contracts supporting the U.S. Navy's Seventh Fleet. "Husbanding" included the coordinating, scheduling, and direct and indirect procurement of items and services required by ships and submarines when they arrive at port.

MWP:nlv:San Diego:5/25/16
cc: PRETRIAL

2. Leonard Glenn Francis (charged elsewhere) was a citizen of Malaysia, residing in Singapore. Francis was the owner, Chief Executive Officer, and President of Glenn Defense Marine (Asia) ("GDMA"), a multi-national corporation headquartered in Singapore. As of September 2013, GDMA had operating locations in many countries, including Japan, Thailand, Malaysia, Korea, Hong Kong, Indonesia, Australia, Philippines, and the United States. GDMA provided husbanding services to the U.S. Navy under a variety of husbanding contracts for over 25 years.

3. The conspiracy and obstruction offenses described herein began and were committed out of the jurisdiction of any particular district, and the last known residence of one or more joint offenders therein is within the Southern District of California.

4. The Naval Criminal Investigative Service ("NCIS") was, per SECNAV Instruction 5430.107, a federal law enforcement agency within the Department of the Navy charged with defending the Department of the Navy against terrorism and foreign intelligence threats; investigating criminal offenses involving the U.S. Navy, including fraud upon U.S. Navy contracts; identifying waste, fraud, and abuse in U.S. Navy programs; and assisting U.S. Navy commands in maintaining good order and discipline. The Inspector General Act of 1978 allowed NCIS, acting through the Department of Defense Office of Inspector General, to issue subpoenas duces tecum. NCIS frequently worked on behalf of and shared the results of its investigative activity with FISC officials who used the information in their oversight and administration of U.S. Navy contracts.

5. At least as early as 2009, NCIS opened an investigation to assist FISC in determining whether GDMA and Francis had defrauded the

2

U.S. Navy on husbanding contracts supporting the Seventh Fleet ("the GDMA Investigation"). The GDMA Investigation was part of an ongoing NCIS effort to enhance FISC's oversight of husbanding contracts awarded to GDMA. NCIS recorded its investigative activities as part of the GDMA Investigation in a multi-page written document called a Report of Investigation, the cover page of which identified the document as property of NCIS. The cover page further stated that the document was "for official use only" and admonished that "[n]o part of this document may be further disseminated, including to subject or counsel, without prior specific authorization of the [NCIS]."

6. As part of his duties as the Officer in Charge of FISC, PITTS received briefings and internal NCIS documentation relating to the status of NCIS's investigations into husbanding contractors, including the GDMA Investigation. It was a violation of PITTS's lawful duties to share NCIS reports with anyone outside the U.S. Navy, specifically including the subject of an investigation.

7. Apart from the GDMA Investigation, beginning at least as late as November 2010, civilian employees of FISC Singapore began to suspect that GDMA and Francis had been over-charging the U.S. Navy for force protection services that GDMA claimed to have provided pursuant to its husbanding contracts. Force protection involved the provision of guards and physical implements to protect U.S. Navy personnel and property while a ship was in port. FISC employees responsible for administering GDMA's husbanding contracts copied PITTS on correspondence discussing measures that FISC could take to determine whether GDMA was over-charging the U.S. Navy for force protection services. Because this email correspondence reflected internal, proprietary U.S. Navy deliberations, it was a violation of PITTS's

3

lawful duties to share its substance with Francis, GDMA or any of its other representatives.

## Count 1

### (Conspiracy - 18 U.S.C. § 371)

7. From in or about late 2009, and continuing until in or about November 2010, on the high seas and out of the jurisdiction of any particular district, defendant BOBBY PITTS, Leonard Francis, and others knowingly and intentionally combined, conspired, and agreed to defraud the United States of and concerning its governmental functions and rights, by depriving it of its right to have the business and affairs of the Department of the Navy conducted honestly and impartially and free from corruption, fraud, improper and undue influence, dishonesty, unlawful impairment and obstruction; and PITTS, Francis, and others took overt acts in furtherance of this conspiracy and to effect its unlawful object in violation of Title 18, United States Code, Section 371.

### OBJECT OF THE CONSPIRACY

8. It was the object of the conspiracy for PITTS and Francis, by deceit, craft, trickery, and dishonest means to defraud the United States by interfering with the lawful government functions of the Department of the Navy by impeding and obstructing NCIS's GDMA Investigation and FISC's administration and oversight of GDMA's U.S. Navy husbanding contracts.

### METHODS AND MEANS OF THE CONSPIRACY

9. In furtherance of this conspiracy, and to accomplish its object, the following methods and means were used, among others:

   a. PITTS would use his position within FISC to obtain confidential and proprietary documents, information describing the

4

status of NCIS's GDMA Investigation, and the steps that FISC was taking to administer and oversee GDMA's husbanding contracts.

    b. PITTS would impede and obstruct NCIS's GDMA Investigation by providing GDMA and Francis with confidential NCIS information, including a Report of Investigation detailing NCIS's GDMA Investigation and the investigative actions taken by NCIS agents as part of the GDMA Investigation.

    c. PITTS would impede and obstruct FISC's oversight of the U.S. Navy's contracts with GDMA by providing GDMA and Francis with internal and confidential U.S. Navy information, specifically including correspondence in which FISC employees discussed investigative measures aimed at determining whether GDMA was defrauding the U.S. Navy by over-charging on husbanding contracts.

    d. In return for PITTS's actions on their behalf, GDMA and Francis would provide PITTS with meals, entertainment expenses, and, on at least one occasion, the services of a prostitute.

## OVERT ACTS

10. In furtherance of the conspiracy and to effect its object, the following overt acts, among others, were committed:

    a. In or about December 2009, PITTS provided Francis with a hard copy of a multi-page NCIS Report of Investigation, marked "for official use only," which described the allegations that NCIS was investigating as part of the GDMA Investigation, detailed investigative steps that NCIS had taken, and identified witnesses whom NCIS had interviewed.

    b. On or about November 23, 2010, PITTS forwarded to a representative of GDMA an internal U.S. Navy email discussing FISC's intention to contact Thai officials to determine whether GDMA had

billed the U.S. Navy for force protection services that the Royal Thai Navy had provided free of charge.

All in violation of Title 18, United States Code, Section 371.

### Counts 2 and 3

### (OBSTRUCTION OF JUSTICE - 18 U.S.C. § 1505)

11. Paragraphs 1 through 7 of this Indictment are hereby re-alleged and incorporated by reference.

12. On or about the days set forth below, on the high seas and out of the jurisdiction of any particular district, the defendant, BOBBY PITTS, did corruptly influence, obstruct and impede, and endeavor to influence, obstruct and impede, the due and proper administration of the law under which pending proceedings were being had before the Department of the Navy, by:

| COUNT | APPROXIMATE DATE | ACT |
| --- | --- | --- |
| 2 | December 2009 | Providing Francis with an NCIS Report of Investigation pertaining to the GDMA Investigation. |
| 3 | November 23, 2010 | Providing Francis and GDMA with an internal U.S. Navy email regarding FISC's efforts to oversee GDMA's husbanding contracts with the U.S. Navy. |

All in violation of Title 18, United States Code, Section 1505.

### FORFEITURE ALLEGATIONS

13. The allegations set forth in Count 1 of this Indictment are incorporated by reference for the purpose of alleging forfeiture pursuant to Title 18, United States Code, Section 981(a)(1)(c), and Title 28, United States Code, Section 2461(c).

6

14. Upon conviction of the offense set forth in Count 1, defendant BOBBY PITTS shall forfeit to all property, real and personal, which constitutes or is derived from proceeds traceable to Count 1 pursuant to Title 18, United States Code, Section 981(a)(1)(c), and Title 28, United States Code, Section 2461(c), including but not limited to a money judgment in an amount not less than the proceeds of the offense set forth in Count 1.

DATED: May 26, 2016.

A TRUE BILL:

_____
Foreperson

LAURA E. DUFFY
United States Attorney

By: _____
MARK W. PLETCHER
PATRICK HOVAKIMIAN
Assistant U.S. Attorneys

ANDREW WEISSMANN
Chief, Fraud Section
Criminal Division

By: _____
BRIAN R. YOUNG
Assistant Chief
Fraud Section, Criminal Division

7